IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KAUFMANN PROPERTY MANAGEMENT CORP,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; JANET YELLEN, in her official capacity as United States Secretary of Treasury; and THE UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO. 1:22-cv-140<br><br>**COMPLAINT** |

Plaintiff Kaufmann Property Management Corp ("Kaufmann"), by and through its counsel of record, and for its claims for relief against Defendants, the United States Small Business Administration ("SBA"), Isabella Casillas Guzman in her official capacity as Administrator of the SBA, Janet Yellen in her official capacity as United States Secretary of Treasury, and the United States of America, states and alleges as follows:

**NATURE OF THE ACTION**

1.      In order to mitigate the economic devastation caused by the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Congress's purpose in adopting the CARES Act was to ensure continued employment and income for the millions of Americans employed by small businesses. To accomplish that critical goal, Congress created the Paycheck Protection Program ("PPP"), which authorizes the SBA to guarantee hundreds of billions of dollars in loans to small

businesses. PPP loans were to be made by private lenders, and Congress pledged to forgive these loans (i.e., the federal government would reimburse the bank) provided that, *inter alia*, the borrowers used most of the proceeds to pay employees' wages. *See* 15 U.S.C. §§ 636(a)(36), 9005-06.

2.  "The PPP is a *new* loan program to be administered by the SBA under Section 7(a) of the Small Business Act (codified at 15 U.S.C. § 636(a)). Its purpose is to assist small businesses during the COVID-19 crisis by immediately extending them loans on favorable terms." *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1050 (E.D. Wis. 2020) (emphasis added). Section 1106 of the CARES Act "provides that a borrower's indebtedness under a PPP loan will be forgiven to the extent that the borrower uses the funds to pay expenses relating to payroll, mortgage interest, rent, and utilities during the eight-week period following the loan's origination." *Id.* (citing Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20,813-14 (Apr. 15, 2020)).

3.  Historically, prior to the CARES Act's enactment, the SBA treated certain classes of businesses as ineligible for other SBA lending programs. *See* 13 C.F.R. § 120.110. Aware of this, Congress purposefully intended that the CARES Act would "[i]ncrease[] eligibility" for forgivable PPP loans, *id.* § 636(a)(36)(D), making them widely available to small businesses across the commercial spectrum. Congress did so by establishing specific, limited criteria for PPP loan guarantee eligibility and by providing unambiguously that "*any* business concern . . . *shall* be eligible" for a forgivable PPP loan if it met those criteria. *Id.* § 636(a)(36)(D) (emphasis added).

4.  Relying on this expanded eligibility, Kaufmann, a small real estate management company, applied for a PPP loan on April 3, 2020. The SBA approved the loan under the PPP's expanded eligibility criteria on April 14, 2020.

5.  An eligible recipient shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds are used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Paycheck Protection Program Flexibility Act ("Flexibility Act"), Pub. L. No. 116-142, 134 Stat. 641, § 3(b) (2020). The SBA is required to reimburse the private lender for any PPP loan determined eligible for forgiveness. CARES Act § 1106(c)(3). PPP loan recipients must submit forgiveness applications to be considered. *Id.* § 1106(e). But Section 1106(b) of the CARES Act provides for forgiveness of a PPP loan only if the borrower was an "eligible recipient" of the PPP loan to begin with.

6.  Despite clear direction from the CARES Act, the SBA adopted an Interim Final Rule, effective April 15, 2020, which imposed its pre-COVID-19, pre-CARES Act exclusions on PPP loan eligibility, excluding a wide range of businesses (the "Exclusion Rule").

7.  Although SBA published its intention to issue such a rule on April 2, 2020, it expressly stated that the Exclusion Rule would not take effect until April 15, 2020 – one (1) day *after* Kaufmann's application was approved.

8.  The Exclusion Rule lacks any basis in, and is directly contrary to, the plain text, purpose, and context of the CARES Act.

9.  After enactment of the Exclusion Rule, on March 11, 2021, Congress enacted the American Rescue Plan Act, Pub. L. No. 117-2, 135 Stat. 4 (Mar. 11, 2021) (the "Rescue Plan"). The Rescue Plan "expanded the eligibility for PPP loans to certain non-profit entities, and in doing so it again expressly incorporated the limitations embodied in the SBA's regulations under 13 C.F.R. § 120.110," which is the pre-COVID-19, pre-CARES Act exclusions on eligibility. *Nat'l Ass'n of Home Builders v. United States SBA*, No. 20-11780, 2021 U.S. Dist. LEXIS 186548, at *32 (E.D. Mich. Sep. 28, 2021). "The disqualification enacted in the [Rescue Plan] was included

in verbatim provisions of the PPP 'second-round' enabling statute.  The inclusion of additional explicit constraints in the later enactments reinforces rather than contradicts the conclusion that such limitations deliberately were omitted by Congress when it authorized the first round of PPP." *Id.*

10. The SBA is now applying the Exclusion Rule eligibility standards to refuse to forgive loans it granted to businesses – including Kaufmann – that received PPP loans in reliance on Congress's promise of loan forgiveness *prior to the SBA's adoption of the Exclusion Rule on April 15, 2020*.  Small businesses risked their financial security by keeping employees on payroll during the COVID-19 pandemic with the benefit of PPP loans they were eligible to receive at the time they applied for them, *and* at the time that the SBA approved them.  Now, having done everything that Congress required of them, businesses are told that they must repay their loans because of the SBA's unlawful application of the Exclusion Rule.

11. This action under the Administrative Procedure Act ("APA") challenges the SBA's adoption of the Exclusion Rule.  Specifically, Kaufmann seeks a declaration that the Exclusion Rule is unenforceable with respect to its PPP loan forgiveness application.

12. Because the Exclusion Rule renders statutorily eligible business concerns ineligible for PPP loans or loan forgiveness in clear violation of the CARES Act, the Court should "hold unlawful and set aside" the Exclusion Rule.  5 U.S.C. § 706(2).

13. Further, because the SBA applied retroactively the Exclusion Rule, which was effective on April 15, 2020, to Kaufmann's loan, which it approved on  April 14, 2020, the Court should "hold unlawful and set aside" the Exclusion Rule as applied to Kaufmann as an impermissible retroactive application of the law.  *Id.*

## PARTIES

14. Kaufmann is a small business based out of Fort Wayne, Indiana, that is an active real estate management company. Kaufmann does not own any real estate and approximately 98% of the properties it is currently managing are residential properties.

15. SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 *et seq*. Under the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), the SBA administers the PPP.

16. Defendant Isabella Casillas Guzman is the Administrator of the SBA, and is sued only in her official capacity. Because she is the officer with final authority for administering the PPP within the SBA, Administrator Guzman is a proper defendant for causes of action brought under the APA.

17. Defendant Janet Yellen is the Secretary of the United States Department of Treasury, and is sued only in her official capacity.

18. Defendant United States of America is a proper defendant in APA cases. *See* 5 U.S.C. § 702.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

20. Kaufmann has standing to seek review of the Exclusion Rule because the SBA has used the rule to deny Kaufmann's loan forgiveness application.

21. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e).

22. The SBA's Exclusion Rule is a final agency action under 5 U.S.C. § 704.

**FACTUAL BACKGROUND**

23. Kaufmann is a small real estate management company located in Fort Wayne, Indiana. It does not own any real estate, but instead spends 98% of its business managing residential apartment complexes. Kaufmann is actively involved in the day-to-day operations, management, maintenance, and functions of renting the primarily residential real estate.

24. In Kaufmann's 2020 tax return, Kaufmann reported $0 as "net rental real estate income" on Schedule K of its tax return, and does not own any real estate as reflected by Schedule L of its tax return.

25. In Schedule B of Kaufmann's 2020 tax return, Kaufmann lists "property management" as its primary service, under the North American Industry Classification System ("NAICS") code 531110.

26. Kaufmann suffered significant harm during the COVID-19 pandemic. As a result of this harm, Kaufmann considered terminating some of its employees and reducing the wages of other employees in order to have its business survive.

27. Before promulgating the Exclusion Rule, the federal agencies responsible for implementing the PPP had touted the program as providing payroll assistance to any business with fewer than 500 employees. *See*, *e.g.,* SBA, *Financial Assistance from the US SBA for Small Businesses and Non-Profits*, (Mar. 31, 2020) ("Businesses . . . with 500 or fewer employees may apply."); U.S. Dep't of Treas., *Small Business Paycheck Protection Program*, (Mar. 31, 2020) ("All Small Businesses Eligible"); *see also* 15 U.S.C. § 636(a)(36)(D).

28. On or around April 3, 2020, in the face of financial hardship and challenging decisions, Kaufmann submitted a PPP Borrower Application to MidWest America FCU (the

"Lender") for a forgivable PPP loan in the amount of $184,954.00 to mitigate business losses and enable it to retain its employees through the economic downturn.

29. Kaufmann was approved for a PPP loan by the Lender on April 14, 2020. At the time of the approval, it operated under the provisions stated by Congress, which provided that loans were for all businesses that met the size requirements for small businesses.

30. Loan proceeds were distributed to Kaufmann on April 15, 2020.

31. Kaufmann used its loan proceeds to meet payroll and other expenses permitted by the CARES Act. Kaufmann used at least 60 percent of the loan proceeds for payroll. While it experienced various operational challenges caused by the pandemic, Kaufmann was able to retain its working employees at the same payroll with the assistance of the PPP loan. Kaufmann did not reduce any of its employees' wages or terminate any of its employees as a result of the PPP loan.

32. On or around December 8, 2020, as it was permitted to do so under the CARES Act, Kaufmann submitted a PPP Loan Forgiveness Application (Form 3508) to the Lender, requesting forgiveness for its full PPP loan amount.

33. The Lender determined Kaufmann should receive full loan forgiveness in the amount of $ 184,954.00 and submitted its decision to the SBA for final review on December 8, 2020.

34. Although Kaufmann's PPP Loan Forgiveness Application demonstrated it had met all of its obligations under the CARES Act as the Lender had recognized, from December 12, 2020, and September 28, 2021, the SBA sent numerous requests for additional information, including the PPP Affiliation Worksheet, which indicated that Kaufmann has a NAICS code of 531311 (Residential Property Managers).

35. On September 28, 2021, the SBA issued a final PPP loan review decision finding Kaufmann ineligible for PPP loan forgiveness (the "Decision"), stating that Kaufmann was "organized as an ineligible Passive Entity." The Decision was solely based on Kaufmann's incorrect classification of its NAICS code in its 2019 tax return.

36. On October 28, 2021, Kaufmann submitted an appeal of the Decision to the SBA's Office of Hearings and Appeals ("OHA"), clearly indicating that Kaufmann does not own any real estate and is an "active real estate management company" for residential properties entitled to PPP loan forgiveness. The appeal showed that Kaufmann's tax returns, even with the incorrect 2019 NAICS classification (which was corrected in its 2020 returns), have numerous indications that Kaufmann is an active residential property management company rather than a passive real estate holding company.

37. On or around February 2, 2022, the OHA denied Kaufmann's appeal, stating that "[a]fter review of the documentation provided, the SBA concludes that [Kaufmann] is organized as an ineligible Passive Entity." The February 2, 2022 OHA decision is attached hereto as **Exhibit A.**

38. On March 23, 2022, Kaufmann requested the SBA exercise its discretion under 13 C.F.R. § 134.1211(d) to review the Decision, a true and accurate copy of which is attached hereto as **Exhibit B.** The SBA did not respond to Kaufmann's request for review.

39. The retrospective application of the Exclusion Rule to Kaufmann has harmed, and will continue to harm, Kaufmann. In the midst of fluctuating economic uncertainty driven by the pandemic, Kaufmann now has to worry that the loan forgiveness it reasonably expected will ultimately not be available. Kaufmann will now have to divert resources from other endeavors to pay off the unforeseen loan obligation. The likelihood that its loan will not be forgiven requires

Kaufmann to take costly steps in order to mitigate the financial impact of having to repay the PPP loan which could lead to curtailing parts of the business to generate cash and could even lead to laying off the employees it was able to retain during the pandemic due to the PPP loan.

40. Kaufmann certified its eligibility for a PPP loan in good faith. Nevertheless, it now fears that it could be held liable based on its PPP loan application for its application for loan forgiveness.

41. Kaufmann reasonably relied on the SBA's approval of its PPP loan on April 14, 2020, as well as the SBA's prior representations, that the PPP loans would be forgiven so long as Kaufmann was eligible.

42. Numerous other courts have held that the Exclusion Rule is contrary to law, exceeds the SBA's statutory authority, and is arbitrary and capricious. *See Nat'l Ass'n of Home Builders v. U.S. Small Business Administration*, No. 2011780, 2021 U.S. Dist. LEXIS 186548, at *35 (E.D. Mich. Sept. 28, 2021) (enjoining the SBA from denying PPP loans to otherwise-qualified applicants on the basis of the Exclusion Rule, given the Exclusion Rule exceeded the SBA's statutory authority); *DV Diamond Club v. Small Business Administration,* 960 F.3d 743, 746-47 (6th Cir. 2020) (denying a motion for stay of injunction barring the Exclusion Rule's application to business owners who were previously ineligible for SBA lending programs, finding that the business owners had a substantial likelihood of success on their claim that the rule conflicted with the CARES Act); *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1050 (E.D. Wis. 2020) (holding that the Exclusion Rule exceeds statutory authority); *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, No. 20-1729 (7th Cir. May 20, 2020) (order) (denying the SBA's motion for a stay pending appeal); *In re Gateway Radiology Consultants*, P.A., No. 8:19-BK-04971-MGW, 2020 WL 3048197, at *19 (Bankr. M.D. Fla. June 8, 2020)

(enjoining the SBA's attempt to "disqualify[] an entire class of troubled small businesses—perhaps those who need it the most— from obtaining grants to pay employees so their workers don't lose their jobs"); *In re Skefos*, No. 19-29718-L, 2020 WL 2893413, at *13 (Bankr. W.D. Tenn. June 2, 2020) ("SBA acted arbitrarily and capriciously in excluding applicants whose owners are debtors in bankruptcy from the PPP."); *In re Roman Catholic Church of Archdiocese of Santa Fe*, No. 18-13027 T11, 2020 WL 2096113, at *7 (Bankr. D.N.M. May 1, 2020) (holding that the SBA's Exclusion Rule "constitutes a usurpation of Congressional authority to determine which businesses are eligible for PPP funds").

43. Kaufmann disagrees that it is a passive entity as the SBA sets forth in its Decision. Notwithstanding, even if it was, other Courts have found that passive entities are entitled to PPP loan forgiveness. *See Nat'l Ass'n of Home Builders*, at *35 ("It is further ORDERED that the SBA's rules declaring ineligible for PPP loans, loan guarantees, and loan forgiveness '[p]assive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds,' 13 C.F.R. § 120.110(c), or '[s]peculative businesses,' 13 C.F.R. § 120.110(s), exceed its statutory authority under the CARES Act and are DECLARED invalid."); *but see DV Diamond Club of Flint, LLC v. United States Small Business Admin.*, 960 F.3d at 746-47 ("[B]y specifying 'any business concern,' Congress made clear that the SBA's longstanding ineligibility rules are inapplicable given the current circumstances.").

**COUNT ONE**
**Agency Action Contrary to Law**
**Loan Approved Before Exclusion Rule**
**5 U.S.C. §706(2)(A), (C)**

44. Kaufmann incorporates the foregoing paragraphs as if fully set forth herein.

45. The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.

46. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id.* § 706(2)(A), (C).

47. The Interim Final Rule, 85 Fed. Reg. 20,811, states explicitly that "[t]his interim final rule is effective April 15, 2020." *See also Skefos*, 2020 Bankr. LEXIS 1479, at 17 ("The first Interim Final Rule was published on April 15, 2020.").

48. The Interim Final Rule further provides that "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of the Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. *The rule has no preemptive or retroactive effect*."  (emphasis added).

49. On April 3, 2020, Kaufmann submitted its PPP loan application to the Lender.

50. On April 14, 2020, the SBA approved of Kaufmann's loan application.

51. At no point during this process was the Interim Final Rule, including its provisions adopting the Exclusion Rule, in effect and applicable to Kaufmann. As such, Kaufmann was eligible for its PPP loan at the time it applied for the loan, and at the time its loan application was approved by the SBA.

52. Kaufmann used its PPP loan proceeds for payroll expenses and other eligible expenses under the CARES Act.

53. The CARES Act, as amended, provides that all such "*eligible recipient[s] shall* be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

54. Kaufmann used at least 60 percent of its PPP loan proceeds for payroll.

55. Because it properly and lawfully utilized its loan proceeds, which it was eligible to receive at the time it applied for its PPP loan and at the time its loan application was approved, Kaufmann applied for loan forgiveness on December 7. 2020.  Its loan forgiveness application was approved by the Lender.

56. However, notwithstanding Kaufmann being eligible for a PPP loan at the time of its loan application and the time its loan application was approved, SBA first indicated its intent to retroactively apply the Exclusion Rule to ECG on September 28, 2021, when it denied Kaufmann's loan forgiveness application.

57. Defendants' actions to retroactively apply the Exclusion Rule to determine that Kaufmann was ineligible for its PPP loan are not in accordance with law, including the CARES Act, the APA and the Interim Final Rule itself.  Kaufmann is entitled to an order declaring the same.

58. Kaufmann is entitled to a permanent injunction enjoining Defendants from retroactively applying the Exclusion Rule.

**COUNT TWO**
**Agency Action Contrary to Law**
**Exclusion Rule Contrary to CARES Act**
**5 U.S.C. §706(2)(A), (C)**

59. Kaufmann incorporates the foregoing paragraphs as if fully set forth herein.

60. The APA authorizes judicial review of federal agency actions.  5 U.S.C. §702.

61. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id*. § 706(2)(A), (C).

62. The CARES Act provides that "in addition to small business concerns, *any* business concern . . . *shall* be eligible to receive a covered loan," CARES Act § 1102(a)(36)(D)(i) (emphasis

added), subject only to the conditions that a business meet the CARES Act's size requirement, make the required good-faith borrower certification, and have been in operation as of February 15, 2020.

63. The CARES Act, as amended, also provides that all such "eligible recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

64. Kaufmann used at least 60 percent of its PPP loan proceeds for payroll.

65. Nothing in the CARES Act authorizes the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Exclusion Rule.

66. Defendants' actions to exclude businesses – such as Kaufmann - primarily engaged in the business of residential real estate management (without owning any property), including for loan forgiveness, are not in accordance with law, including the CARES Act and the APA. Kaufmann is entitled to an order declaring the same.

67. Kaufmann is entitled to a permanent injunction enjoining Defendants from applying the Exclusion Rule against it.

### COUNT THREE
### Arbitrary & Capricious Agency Action
### 5 U.S.C. §706(2)(A)

68. Kaufmann incorporates the foregoing paragraphs as if fully set forth herein.

69. The APA authorizes judicial review of federal agency actions. 5 U.S.C. §702.

70. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious," or "an abuse of discretion." *Id.* § 706(2)(A).

71. The CARES Act provides that "in addition to small business concerns, *any* business concern . . . *shall* be eligible to receive a covered loan," 15 U.S.C. § 636(a)(36)(D)(i) (emphases added), subject only to the conditions that a business meet the Act's size requirement, makes the required good-faith borrower certification, and have been in operation as of February 15, 2020.

72. The CARES Act, as amended, also provides that all such "eligible recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b).

73. Kaufmann used at least 60 percent of its PPP loan proceeds for payroll.

74. The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Exclusion Rule.

75. Defendants' exclusion of Kaufmann as an eligible business is an abuse of discretion.

76. Further, Defendants' reliance on an old, incorrect NAICS code, after Kaufmann had corrected its NAICS code to more accurately reflect its business practices, is similarly an abuse of discretion. *See* Exhibit B.

77. Kaufmann is entitled to a permanent injunction enjoining Defendants from applying the Exclusion Rule against it.

**WHEREFORE**, Kaufmann Property Management Corp respectfully requests this Court enter judgment in its favor and against Defendants the United States Small Business Administration, Isabella Casillas Guzman in her official capacity as Administrator of the SBA, Janet Yellen in her official capacity as United States Secretary of Treasury, and the United States of America, and enter an Order declaring that the Exclusion Rule is not in accordance with law

and that it is arbitrary and capricious, permanently enjoining the SBA from enforcing the Exclusion Rule against Kaufmann in determining eligibility, and awarding Kaufmann its reasonable attorney fees and costs, and for such other, further and different relief as the Court deems just and equitable.

Dated this 22nd day of April, 2022.

>Respectfully submitted,
>
>**HALLERCOLVIN PC**
>**ATTORNEYS FOR PLAINTIFF**
>**444 EAST MAIN STREET**
>**FORT WAYNE, INDIANA 46802**
>**TELEPHONE: (260) 426-0444**
>**FAX: (260) 422-0274**
>**EMAIL: jsf@hallercolvin.com**
>**EMAIL: cheiny@hallercolvin.com**
>
>By: /s/ *J. Spencer Feighner*
>     **J. SPENCER FEIGHNER (#27099-02)**
>     **CHARLES J. HEINY (#15191-02)**